ORIGINAL

28.

200525053

# IN THE UNITED STATES DISTRICT COURT FOR

## THE SOUTHERN DISTRICT OF MICHIGAN-EASTERN DIVISION

WILMOCO CAPITAL MANAGMENT, LLC,
a Michigan limited liability company
and CARL B. SMALLS, a Michigan individual

                                        Plaintiff

v

UBS FINANCIAL SERVICES, INC.,
KEITH HOLZWARTH,
DTE ENERGY, DETROIT EDISON,
TERRENCE E. ADDERLY, LILLIAN
BAUDER, DAVID BING, ANTHONY
F. EARLEY, JR., ALLAN D. GILMOUR,
ALFRED R. GLANCY, III, FRANK M.
HENNESSEY, THEODORE S. LEIPPRANDT,
JOHN E. LOBBIA, GAIL J. McGOVERN,
EUGENE A MILLER, CHARLES W.
PRYOR, JR., JOSUE ROBLES, JR.,
HOWARD F. SIMS, NICK A. KHOURI,
DAVID G. BRUDZYNSKI, DAVID E.
MEADOW, DETROIT EDISON
REPRESENTED EMPLOYE WELFARE
BENEFIT TRUST, DETROIT EDISON
REPRESENTED EMPLOYE WELFARE
BENEFIT TRUST INVESTMENT
COMMITTEE, DINA McCLUNG,
JOHN DOE DETROIT
REPRESENTED EMPLOYEE WELFARE
BENEFIT TRUST INVESTMENT COMMITTEE
MEMBERS (1-10), JOHN DOE DTE BOARD
MEMBER, JOHN DOE DTE OFFICER

                                        Defendants.

                                        /

JUDGE : Tarnow, Arthur J.
DECK : S. Division Civil Deck
DATE : 04/29/2005 @ 14:17:25
CASE NUMBER : 2:05CV71709
CMP WILMOCO CAPITAL MGT ET AL V.
USB FNCL ET AL  (DA)

MAGISTRATE JUDGE MONA K. MAJZOUB

SANDERS & JOHNSON, P.L.L.C.
By: Stephon E. Johnson P39546

1

The Aureus Center
17515 W. Nine Mile Rd., Ste. 445
Southfield, MI 48075
(248)569-0006
Attorneys for Plaintiffs

> **There is no other civil action between the parties arising out of the transaction or occurrence as alleged in this complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court. There has, however, been a demand for arbitration filed before the National Association of Securities Dealers Dispute Resolution, Inc. department, currently pending as NASD No. 04-06222.**

## COMPLAINT

NOW COME the Plaintiffs, WILMOCO CAPITAL MANAGEMENT, LLC ("WILMOCO") and CARL B. SMALLS ("SMALLS"), by and through their attorneys, Sanders & Johnson, PLLC, and for their Complaint against the Defendants, state as follows:

### Jurisdictional Allegations

1.  Plaintiff WILMOCO is a Michigan limited liability company, with its principal place of business in the City of Detroit, County of Wayne, State of Michigan and country of the United States of America.

2.  Plaintiff SMALLS is the owner of WILMOCO, as well as WILMOCO's Managing Director and Chief Executive Officer.

3.  Plaintiff SMALLS is a resident of the City of Detroit, County of Wayne, State of Michigan and country of the United States of America.

2

4.    Defendant UBS FINANCIAL SERVICES, INC. ("UBS"), upon information and belief, is a Delaware corporation, with its principal place of business in New York City, New York.

5.    Defendant UBS does business in the City of Flint, County of Genesee, State of Michigan as well as in the City of Detroit, County of Wayne, State of Michigan and Country of the United States of America.

6.    Defendant Keith Holzwarth, upon information and belief, is a Michigan resident, County of Wayne, Oakland, Macomb or Genesee and is, or was, at all relevant times, an employee of Defendant UBS.

7.    Defendant DTE ENERGY ("DTE") is a Michigan corporation, with its principal place of business in the City of Detroit, County of Wayne, State of Michigan and Country of the United States of America. DTE is the parent company of Defendant DETROIT EDISON and MichCon, regulated electric and gas utilities engaged primarily in the business of providing electricity and natural gas sales and distribution services throughout southeastern Michigan.

8.    Defendant Terrance E. Adderley, upon information and belief, is a resident of the County of Oakland, State of Michigan. Terrance E. Adderley is a member of the Board of Directors of DTE.

9.    Defendant Lillian Bauder, upon information and belief, is a resident of the County of Oakland, State of Michigan. Lillian E. Bauder is a member of the Board of Directors of DTE.

10.   Defendant David Bing, upon information and belief, is a resident of the County of Oakland, State of Michigan. David Bing is a member of the Board of Directors of DTE.

11.   Defendant Anthony F. Earley, Jr., upon information and belief, is a resident of the County of Oakland, State of Michigan. Anthony F. Earley is Chairman of the Board of Directors,

President, Chief Executive Officer and Chief Operating Officer of DTE.

12.     Defendant Allan D. Gilmour, upon information and belief, is a resident of the County of Oakland, State of Michigan. Allan D. Gilmour is a member of the Board of Directors of DTE.

13.     Defendant Alfred R. Glancy, III, upon information and belief, is a resident of the County of Oakland, State of Michigan. Alfred R. Glancy, III is a member of the Board of Directors of DTE.

14.     Defendant Frank M. Hennessey, upon information and belief, is a resident of the County of Oakland, State of Michigan. Frank M. Hennessey is a member of the Board of Directors of DTE.

15.     Defendant Theodore S. Leipprandt, upon information and belief, is a resident of the County of Oakland, State of Michigan. Theodore S. Leipprandt is a member of the Board of Directors of DTE.

16.     Defendant John E. Lobbia, upon information and belief, is a resident of the County of Oakland, State of Michigan. John E. Lobbia is a member of the Board of Directors of DTE.

17.     Defendant Gail J. McGovern, upon information and belief, is a resident of the County of Oakland, State of Michigan. Gail J. McGovern is a member of the Board of Directors of DTE.

18.     Defendant Eugene A. Miller, upon information and belief, is a resident of the County of Oakland, State of Michigan. Eugene A. Miller is a member of the Board of Directors of DTE.

19.     Defendant Charles W. Pryor, Jr., upon information and belief, is a resident of the County of

4

Oakland, State of Michigan. Charles W. Pryor is a member of the Board of Directors of DTE.

20.  Defendant Josue Robles, Jr., upon information and belief, is a resident of the County of Oakland, State of Michigan. Josue Robles, Jr., is a member of the Board of Directors of DTE.

21.  Defendant Howard F. Sims, upon information and belief, is a resident of the County of Oakland, State of Michigan. Howard F. Sims is a member of the Board of Directors of DTE.

22.  Defendant Nick A. Khouri, upon information and belief, is a resident of the County of Oakland, State of Michigan. Nick A. Khouri is Vice President and Treasurer of DTE and is a member of the Investment Committee of Defendant Detroit Investment Committee.

23.  Defendant Daniel G. Brudzynski, upon information and belief, is a resident of the County of Oakland, State of Michigan. Daniel G. Brudzynski is Vice President and Controller of DTE.

24.  Defendant David E. Meador, upon information and belief, is a resident of the County of Oakland, State of Michigan. David E. Meador is Vice President and Chief Financial Officer of DTE.

25.  Defendant DTE John Doe Officer(s) is (are), upon information and belief, a resident(s) of the State of Michigan, County of Wayne, Oakland or Macomb. Defendant John Doe Officer is an officer of DTE.

26.  Defendant DTE John Doe Board Member(s) is (are), upon information and belief, a resident(s) of the State of Michigan, County of Wayne, Oakland or Macomb. Defendant DTE John Doe Board Member is a member of the Board of Directors of DTE.

27.  Defendant DETROIT EDISON is a subsidiary of Defendant DTE, with its principal place of business in the City of Detroit, County of Wayne, State of Michigan and Country of the United States of America.

5

28. DETROIT EDISON REPRESENTED EMPLOYE WELFARE BENEFIT TRUST (the "Trust") upon information and belief, is a Michigan trust, with its principal place of business in the City of Detroit, County of Wayne, State of Michigan, and Country of the United States of America.

29. Defendant DETROIT EDISON REPRESENTED EMPLOYE WELFARE BENEFIT TRUST INVESTMENT COMMITTEE (the "Investment Committee") upon information and belief, is a Michigan corporation, with its principal place of business in the City of Detroit, County of Wayne, State of Michigan and Country of the United States of America.

30. Defendant DINA McCLUNG  Investment Committee Director, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is Secretary and a member of the Investment Committee of Defendant Detroit Investment Committee.

31. Defendant John Doe Investment Committee Member, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is member of the Investment Committee of Defendant Detroit Investment Committee.

32. Defendant John Doe Investment Committee Member, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is member of the Investment Committee of Defendant Detroit Investment Committee.

33. Defendant John Doe Investment Committee Member, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is member of the Investment Committee of Defendant Detroit Investment Committee.

34. Defendant John Doe Investment Committee Member, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is member of the Investment

6

Committee of Defendant Detroit Investment Committee.

35.    Defendant John Doe Investment Committee Member, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is member of the Investment Committee of Defendant Detroit Investment Committee.

36.    Defendant John Doe Investment Committee Member, upon information and belief, is a Michigan resident, County of Wayne, Oakland or Macomb and is member of the Investment Committee of Defendant Detroit Investment Committee.

37.    Defendant MELLON TRUST, upon information and belief, is a Delaware corporation, with its principal place of business in New York, New York and with substantial business operations and business contact in the City of Detroit, County of Wayne, State of Michigan and Country of the United States of America.

38.    The matter in controversy exceeds One Hundred Thousand ($100,000.00) Dollars, exclusive of interest and costs.  Further, the jurisdiction of this Court is invoked pursuant to the Constitution of the United States and the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §1001, et seq.  The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the fourteenth amendment of the United States Constitution, 42 U.S.C. §1981, 42 U.S.C. §1983 and provisions against racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, as well as State law, including without limitation, MCLA §37.2101, et seq., MSA 3.548(102) et seq., MCLA §27.2201, et seq., MSA 3.548(201) et seq. And MCLA §37.2301, et seq.; MSA 3.548(301), et seq.  Plaintiffs maintain that all of the Defendants herein, either individually or through principles of respondeat superior, wrongfully and with reckless

7

disregard, negligence, gross negligence and/or deliberate indifference committed the wrongful actions or omissions charged below.  At all relevant times, the corporate and individual DTE Defendants acted under color of federal, municipal and/or state law, while existing and carrying on a governmental function.  The individual Defendants herein, all United States citizens, are being sued in both their individual and official capacities.  As a direct and proximate result of the actions, policies, practices and customs, outlined below, Plaintiffs were deprived of their constitutionally protected rights described herein.

### Factual Allegations

39.   PLAINTIFFS incorporate the allegations contained in Paragraphs 1 through 38 by this reference.

40.    On or about January 1, 1996, WILMOCO entered into an Investment Management Services Agreement (the "Contract") with the Defendant INVESTMENT COMMITTEE (the "Investment Committee") of the Defendant DETROIT EDISON REPRESENTED EMPLOYEE WELFARE BENEFIT TRUST (the "Trust") and the Defendant DETROIT EDISON COMPANY (collectively, with Investment Committee members, the "DTE Defendants")..

41.   Under the terms of the Contract, Defendant Investment Committee appointed WILMOCO as investment manager of a portion of the assets of the Trust.

42.   Also pursuant to the Contract, the Defendant Investment Committee authorized and appointed WILMOCO as its fiduciary, agent and attorney-in-fact in connection with the assets it was to manage.

43.   The Contract between WILMOCO and Defendants Investment Committee and Detroit

8

Edison company established certain investment guidelines which prohibited self-dealing, allowing the assets to become subject to margin debt or investing for the purpose of exercising control in companies. WILMOCO was granted investment discretion and proxy powers.

44.  The Contract provided that, at no time would WILMOCO have custody or physical control of the subject assets to be invested, such assets to be held by a separate custodial agent.

45.  The Contract provided that WILMOCO acted as a fiduciary of the Plan, under ERISA, and in accordance with the prudent man rule and other standards of fiduciary responsibility.

46.  The Contract provided that " . . . (WILMOCO) shall not be responsible for any loss incurred by reason of any act or omission of any person selected and retained by the Investment Manager, including any broker, dealer, custodian or other person, with respect to (the assets) except that (WILMOCO) will use due care in the selection and retention of any such person and will make reasonable efforts to require that any such person selected and retained by (WILMOCO) performs its obligations with respect to the (assets) in a lawful non-negligent manner."

47.  The Contract represented and warranted that it was duly authorized, executed, delivered and valid, binding and enforceable against the Defendant Investment Committee; and that the Defendant Investment Committee is a named fiduciary.

48.  The Contract provided that WILMOCO would not be liable to the Defendant Investment Committee for any claims or damages against the Investment Committee except in the case of actual willful misconduct, willful violation of law, gross negligence or reckless disregard of duty.

9

49.   On, in or about October, 2003, Defendant UBS, through one of its registered representatives, an agent and/or employee, Mr. Wallace Dawson ("Dawson"), solicited Plaintiff WILMOCO to have WILMOCO's clients open UBS institutional brokerage accounts.

50.   Subsequently, WILMOCO, through its Managing Director and Chief Executive Officer, Plaintiff SMALLS, agreed to open institutional Delivery Versus Payment ("DVP") accounts with UBS.   UBS advertises that DVP accounts are available to institutional clients.   DVP accounts were chosen, with specific affirmation, confirmation and delivery instructions, given the noncustodial and related nature of WILMOCO's investment advisory account clients.

51.   UBS, either through ordinary or gross negligence, or through intentional fraud and/or misrepresentation, prepared account opening documents that did not appear to be appropriate for the agreed upon DVP account relationship.

52.   Upon query by WILMOCO and/or SMALLS, Defendant UBS, through its agent(s) and/or employee(s), including, without limitation, Dawson and/or Keith Holzwarth (UBS's Branch Manager in the Flint branch), either through ordinary or gross negligence or through intentional fraud and/or misrepresentation, represented that the account would be designated appropriately as a DVP institutional account, on a T-plus 3 settlement basis.

53.   On or about March 23, 2004, WILMOCO attempted its first batch of DVP T-plus 3 settlement basis trades through Defendant UBS on behalf of its client, the Trust.   Sales instructions were e-mailed to, and acknowledged received by, Defendant UBS.

54.   As the relevant account had indeed not been set up appropriately by Defendant UBS, the requested trades did not show up on the appropriate DTC system, could not be appropriately affirmed and should have been "busted" or closed as expired and marked "DK" ("don't

know").

55. Despite its negligent or intentional malfeasance, Defendant UBS, through its agent and/or employee, Holzwarth, attempted to force WILMOCO and/or SMALLS to impossibly deliver stock as one would under a custodial non-DVP institutional account agreement.

56. WILMOCO and/or SMALLS requested that Defendant UBS "bust" and then re-establish the requested trades as agreed pursuant to the DVP, T-plus 3 settlement basis process.

57. Defendant UBS negligently or intentionally refused to process the requested trades as agreed and attempted to have the custodian of the applicable Trust funds, Mellon Trust ("Mellon") deliver the relevant securities.

58. Defendant UBS's malfeasance resulted in improperly causing the relevant trades to become uncovered short trades held in a margin account with no equity to meet margin in violation of its firm procedures and the industry's Regulation T and New York Stock Exchange margin rules.

59. Upon information and belief, the short trades reflected themselves as a loss to Defendant UBS.

60. Subsequently, Defendant UBS wrongfully demanded that WILMOCO pay Defendant UBS an amount over and above One Hundred Thirteen Thousand ($113,000.00) Dollars to reimburse it for the loss that claimed UBS sustained. Defendant UBS took no other actions to mitigate any losses it claimed to have realized.

61. Subsequently, Defendant UBS wrongfully froze and then confiscated over Ten Thousand ($10,000.00) Dollars from WILMOCO, specifically WILMOCO's cash management account with Defendant UBS.

62. Upon information and belief, Defendant UBS, either intentionally or through ordinary or gross negligence, published, either verbally or written, false statements to WILMOCO's and/or SMALLS' business contacts, which statements falsely indicated that WILMOCO negligently or fraudulently engaged in improper trades and/or trade behavior resulting in a loss to Defendant UBS.

63. Subsequently, SMALLS and WILMOCO notified Defendant Investment Committee and Defendant Edison (collectively, the "DTE Defendants") of Defendant UBS's actions and arbitration claims stemming from Defendant UBS's actions.

64. On December 7, 2004, the DTE Defendants gave notice of termination of their contract with WILMOCO.

65. The matter in controversy exceeds One Hundred Thousand ($100,000.00) Dollars.

## COUNT I

## BREACH OF CONTRACT

66. Plaintiffs incorporate the allegations in Paragraphs 1 through 65 herein as if fully restated verbatim.

67. WILMOCO and Defendant UBS were parties to a contract.

68. Pursuant to the contract, Defendant UBS was obliged to establish a delivery versus payment account for the investment of certain non-custodial assets of WILMOCO's clients.

69. Defendant UBS breached its duty to perform the contract.

70. By failing to fulfill its obligations, Defendant UBS breached the contract between it and Plaintiff WILMOCO.

71. As a result of the breach, WILMOCO suffered damages.

72.   As a result of the breach, SMALLS suffered damages.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT II

## TORTIOUS BREACH OF CONTRACT

73.   Plaintiffs incorporate the allegations in paragraphs 1 through 72, above as if fully restated herein verbatim.

74.   WILMOCO and Defendant UBS were parties to a contract.

75.   Defendant UBS undertook to perform certain special duties in the performance of the contract, including establishing a delivery versus payment account and relationship and performing specified trades pursuant to a specific and specialized trading procedure.

76.   Defendant UBS promulgated and fostered policies, practices, rules and understandings that created express or implied contractual terms that it would facilitate trades for Plaintiffs' clients in a specific manner and pursuant to specified terms and conditions.

77.   Defendant UBS was aware of the circumstances surrounding the need for fulfillment of the agreed procedure for facilitation and settlement of trades.

78.   Defendant UBS had a duty, separate from the obligations of the contract with WILMOCO, to handle the trades in the agreed manner.

79.   Defendant UBS breached its duty to Plaintiffs.

80.   As a direct result of Defendant UBS's breach, Plaintiffs suffered damages, including, without limitation:

   a.   Lost revenues.

   b.   Diminution of business, lost clients and lost business opportunities.

   c.   Loss of business/professional reputation.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT III

## CLAIM AND DELIVERY

81.   Plaintiffs hereby incorporate paragraphs 1 through 80 above as if fully re-stated verbatim herein.

82.   Defendant UBS is in possession of property of Plaintiffs, specifically the funds in the approximate amount of Ten Thousand ($10,000.00) Dollars that were in Plaintiff WILMOCO's cash management account.

83.   Plaintiffs have made repeated demands for the return of the subject property.

84.   Defendant UBS has not returned the property to Plaintiffs.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable

attorney fees wrongfully sustained.

## COUNT IV

## CONVERSION

85.   Plaintiffs incorporate the allegations in paragraphs 1 through 84 above, as if fully restated verbatim herein.

86.   Defendant UBS has fraudulently and wrongfully converted and wasted the assets of WILMOCO and SMALLS by the aforementioned acts and omissions.

87.   Plaintiffs have sustained extensive and continuing damages, including damage in the amount of the value of the company WILMOCO and SMALLS's ownership interest in WILMOCO, by Defendant UBS's fraudulent and wrongful conversion of the property.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for a statutorily trebled amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT V

## DETRIMENTAL RELIANCE / PROMISSORY ESTOPPEL

88.   Plaintiffs hereby incorporate the allegations in paragraphs 1 through 87 above as if fully restated verbatim herein.

89.   Plaintiffs relied upon the expressions and promises of Defendant UBS relative to the establishment of accounts and handling of trades as agreed upon between the parties.

15

90.   Defendant UBS is now estopped from denying the promises it made that the account(s) and trade(s) would be established and handled in the specified manner.

91.   As a direct and proximate result of their detrimental reliance, Plaintiffs have suffered damages, including without limitation, loss of past and future compensation and loss of professional reputation.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT VI

### FRAUD AND MISREPRESENTATION/FRAUD IN THE INDUCEMENT

### OF THE CONTRACT

92.   Plaintiffs incorporate the allegations in paragraphs 1 through 91 above as if fully restated verbatim herein.

93.   Defendant UBS represented that it would open accounts and make trades for Plaintiff WILMOCO's clients in a specified manner and pursuant to agreed procedures.

94.   The representations were false.  Defendant UBS did not open the requested account and make the requested trades for WILMOCO's clients pursuant to the agreed procedures.

95.   Defendant UBS knew that it would not open the account(s) and make trade(s) for WILMOCO's clients pursuant to the agreed procedures when it made the promise to do so or made the promise recklessly, with or without knowing that it could not handle the

16

account(s) and/or trade(s) pursuant to the agreed procedures, although it made the promises as positive assertions.

96. The representations were made by Defendant UBS with the intention to induce reliance by Plaintiffs, that is, to induce Plaintiffs to enter into contracts with and open accounts with Defendant UBS.

97. Plaintiffs acted in reliance upon Defendant UBS's representations.

98. Plaintiffs suffered injuries as a result of reliance on Defendant UBS's misrepresentations.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT VII

### BUSINESS DEFAMATION

99. Plaintiffs hereby incorporate the allegations in paragraphs 1 through 98 above as if fully restated verbatim herein.

100. Defendant UBS made false and defamatory statements concerning Plaintiffs, specifically that Plaintiffs shorted stock and failed to make good on (pay for) the purchases they requested.

101. Defendant UBS made unprivileged publication of the false and defamatory statements concerning Plaintiffs to one or more third parties, including without limitation, Mellon Trust.

102. The allegations by Defendant UBS amount at least to negligence.

103. The allegations made by Defendant UBS tend to prejudice Plaintiffs in the conduct of their

business or to deter others from dealing with them.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT VIII

## BREACH OF CONTRACT

104.   Plaintiffs hereby incorporate the allegations in paragraphs 1 through 103 above as if fully restated verbatim herein.

105.   Plaintiff WILMOCO and the DTE Defendants were parties to a contract.

106.   Pursuant to the Contract, the DTE Defendants owed a duty to Plaintiffs to indemnify Plaintiff against liability to Defendant UBS.

107.   The DTE Defendants breached their duties to perform the contract.

108.   By failing to fulfill their obligations, the DTE Defendants breached the contract between them and Plaintiffs.

109.   As a result of the breach, Plaintiffs suffered damages.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT IX

## TORTIOUS BREACH OF CONTRACT

110. Plaintiffs hereby incorporate the allegations in paragraphs 1 through 109 above as if fully restated verbatim herein.

110. WILMOCO and the DTE Defendants were parties to a contract.

112. Plaintiffs and the DTE Defendants undertook to perform certain special duties in the performance of the contract, including undertaking a principal/agent relationship and providing for indemnification against claims and damages arising form the investment management relationship.

113. Plaintiffs and the DTE Defendants promulgated and fostered policies, practices, rules and understandings that created express or implied contractual terms regarding liability for claims against the parties.

114. The DTE Defendants had a duty, separate from the obligations of the contract with WILMOCO, to act in accordance with the parties' agency relationship.

115. The DTE Defendants breached their duty to Plaintiffs.

116. As a direct result of the DTE Defendants' breach, Plaintiffs suffered damages, including, without limitation:

    a.    Lost revenues.

    b.    Diminution of business, lost clients and lost business opportunities.

    c.    Loss of business/professional reputation.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems

just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT X

### BREACH OF FIDUCIARY DUTY

117.   Plaintiffs hereby incorporate the allegations in paragraphs 1 through 116 above as restated verbatim hereby.

118.   Plaintiffs and the DTE Defendants were parties to a written agreement.  Additionally, however, the parties were in an agent-principal relationship.

119.   Because of the agent-principal relationship, Plaintiffs, as agents owed the DTE Defendants, as principals, certain fiduciary duties, including, without limitation, duties of loyalty, honesty, good faith and fairness.

120.   Conversely, because of the agent-principal relationship, the DTE Defendants as principals owed the Plaintiffs, as agents, certain fiduciary duties, including, without limitation, duties of loyalty, honesty, good faith and fairness.

121.   Plaintiffs served the DTE Defendants faithfully and loyally for many years.

122.   DTE Defendants breached their fiduciary duties to Plaintiffs by unfairly terminating the contract and failing to indemnify Plaintiffs against the claims of Defendant UBS.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT XI

## DISCRIMINATION

123.    Plaintiffs hereby incorporate the allegations in paragraphs 1 through 122 above as if fully restated verbatim herein.

124.    This action arises under 42 USCS §1983 and this Court has jurisdiction of the action under 28 USCS §§ 1331, 1332 and 1343.

125.    Plaintiff SMALLS is an African American male, as well as Managing Director and Chief Executive Officer, Chairman and sole owner of Plaintiff WILMOCO.

126.    Plaintiff WILMOCO is a minority owned and controlled investment advisory firm.

127.    The DTE Defendants are privately owned public utilities. Several wholly owned subsidiaries and/or other entities of the DTE Defendants benefit from contractual relations with the Federal, state and/or local governments.

128.    The DTE Defendants, through the actions and/or omissions above, have unfairly discriminated against Plaintiffs, based on race or national origin.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT XII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

129.    Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 128 as if fully

21

restated herein.

130.     The DTE Defendants discharged the contract with Plaintiff WILMOCO in such a manner as to constitute extreme and outrageous conduct of such character as not to be tolerated by a civilized society.

131.     The DTE Defendants' actions were intentional, malicious and in reckless disregard of Plaintiffs' rights and sensibilities.

132.     The DTE Defendants specifically intended to degrade, humiliate and otherwise injure Plaintiffs.

133.     The DTE Defendants' conduct as outlined above was for an ulterior motive or purpose.

134.     Plaintiff SMALLS has suffered severe emotional distress because of the DTE Defendants and the DTE Defendants' outrageous and extreme conduct.

WHEREFORE, Plaintiffs requests that this Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, the relief sought in Count IV herein, together with statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT XIII

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP, EXPECTANCY OR CONTRACT

135.     Plaintiffs hereby incorporate the allegations in paragraphs 1 through 134 above as if fully restated verbatim herein.

136.     WILMOCO and the DTE Defendants were parties to a contract.

137.     Plaintiffs and the DTE Defendants undertook to perform certain special duties in the

22

performance of the contract, including undertaking a principal/agent relationship and providing for indemnification against claims and damages arising form the investment management relationship.

138.  Plaintiffs and the DTE Defendants promulgated and fostered policies, practices, rules and understandings that created express or implied contractual terms regarding liability for claims against the parties.

139.  The DTE Defendants had a duty, separate from the obligations of the contract with WILMOCO, to act in accordance with the parties' agency relationship.

140.  The DTE Defendants breached their duty to Plaintiffs.

141.  As a direct result of the DTE Defendants' breach, Plaintiffs suffered damages, including, without limitation:

a.  Lost revenues.

b.  Diminution of business, lost clients and lost business opportunities.

c.  Loss of business/professional reputation.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT XIV

## BREACH OF FIDUCIARY DUTY

143.  Plaintiffs hereby incorporate the allegations in paragraphs 1 through 142 above as restated

23

verbatim hereby.

144.   Plaintiffs and MELLON TRUST were parties to a written agreement. Additionally, however, the parties were in a fiduciary relationship.

145.   Because of the fiduciary relationship, MELLON TRUST owed the Plaintiffs certain fiduciary duties, including, without limitation, duties of loyalty, honesty, good faith and fairness.

146.   MELLON TRUST breached its fiduciary duties to Plaintiffs by assisting Defendant UBS its actions causing the DTE Defendants to unfairly terminate the contract and to fail to indemnify Plaintiffs against the claims of Defendant UBS.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.


## COUNT XV

## BUSINESS DEFAMATION

147.   Plaintiffs hereby incorporate the allegations in paragraphs 1 through 146 above as if fully restated verbatim herein.

148.   Defendant MELLON TRUST made false and defamatory statements concerning Plaintiffs, specifically that Plaintiffs shorted stock and failed to make good on (pay for) the purchases they requested.

149.   Defendant MELLON TRUST made unprivileged publication of the false and defamatory statements concerning Plaintiffs to one or more third parties, including without limitation, the

DTE Defendants.

150. The allegations by Defendant MELLON TRUST amount at least to negligence.

151. The allegations made by Defendant MELLON TRUST tend to prejudice Plaintiffs in the conduct of their business or to deter others from dealing with them.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their favor for an amount to be determined by the Court in addition to any other relief that the Court deems just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable attorney fees wrongfully sustained.

## COUNT XVI

## NEGLIGENCE

152. Plaintiffs hereby incorporate the allegations in paragraphs 1 through 151 above as if fully restated verbatim herein.

153. Defendants had a duty of care in their contractual relations and dealings with Plaintiffs.

154. Defendants breached their duties of care in connection with their contractual relations and dealings with Plaintiffs.

155. All of the Defendants' conduct, as outlined above, which proximately caused Plaintiffs' injuries and damages, were negligent, grossly negligent or performed in a deliberately indifferent manner because they were so reckless that they demonstrated a substantial lack of concern for whether Plaintiffs would be enjoined.

156. As a proximate cause of Defendants' negligent, grossly negligent or deliberately indifferent actions, Plaintiffs have suffered the above-mentioned damages as well as other damages, including, without limitation:

a.     Lost revenues.

b.     Diminution of business, lost clients and lost business opportunities.

c.     Loss of business/professional reputation.

WHEREFORE, PLAINTIFFS request that this honorable Court enter a judgment in their

favor for an amount to be determined by the Court in addition to any other relief that the Court deems

just and equitable, including, but not limited to, statutory interest, costs, expenses and reasonable

attorney fees wrongfully sustained.


### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

SANDERS & JOHNSON, PLLC

Dated: ___4/27/05___

Stephon E. Johnson (P39546)
Attorneys for Plaintiffs
17515 W. Nine Mile Rd.
Southfield, MI 48075
(248)569-0006

JS-44 11/99

# CIVIL COVER SHEET
COUNTY IN WHICH THIS ACTION AROSE: _Wayne_

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
Wilmoco Capital Management, LLC and Carl B. Smalls

**DEFENDANTS**
UBS Financial Services, Inc., etal.

**(b)** County of Residence of First Listed: Wayne

County of Residence of First Listed: _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Name, Address and Telephone Number)
Stephon E. Johnson (P39546)
Sanders & Johnson, PLLC
17515 W. 9 Mile Rd., Suite 445
Southfield MI 48075  (248)569-0006

Attorneys (If Known)
AST/71709/mKm

MAGISTRATE JUDGE MONA K. MAJZOUB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

CONTRACT / TORTS / FORFEITURE/PENALTY / BANKRUPTCY / OTHER STATUTES (checkboxes unmarked)

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
29 USC 1001, et seq. Violation of the equal protection and due process
42 USC 1981, 42 USC 1983 Clauses of the U.S. Constitution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____  DOCKET NUMBER _____

DATE 4/29/05

SIGNATURE OF ATTORNEY OF RECORD
x Stephon E. Johnson

# Pursuant to Local Rule 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☐ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any          ☐ Yes
            other court, including state court? (Companion cases are          ☐ No
            matters in which it appears substantially similar evidence will
            be offered or the same or related parties are present and the
            cases arise out of the same transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: