# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILMOCO CAPITAL
MANAGEMENT, LLC,
et al.,
        Plaintiffs,         CIVIL ACTION NO. 05-CV-71709-DT

  VS.                             DISTRICT JUDGE ARTHUR J. TARNOW

UBS FINANCIAL SERVS.,      MAGISTRATE JUDGE MONA K. MAJZOUB
INC., et al.,
        Defendants.
                                /

## OPINION AND ORDER GRANTING DEFENDANT UBS FINANCIAL SERVICES' MOTION TO COMPEL

This matter comes before the Court on Defendant UBS Financial Service's Renewed Motion to Compel filed on August 24, 2007. (Docket no. 65). Plaintiff Wilmoco Capital Management has not filed a Response. The Court scheduled oral argument on this Motion for November 7, 2007 but will now decide the matter on the briefs due to Plaintiff's counsel's inability to be present for that hearing.[1] This matter has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 66). The matter is now ready for ruling.

This case was closed when the district court entered Judgment Confirming the NASD Arbitration Award in favor of UBS Financial Services. The award states that "Wilmoco Capital Management, LLC, is liable for and shall pay to Claimant, UBS Financial Services, Inc., the sum of $114,722.77 in damages." (Docket no. 59, ex. A). The amended judgment was entered on April 21, 2006. UBS contends that with accrued interest Wilmoco owes it $122,110.44 through August 24, 2007.

---

[1] Defendants' counsel by phone on November 7 advised the Court that Plaintiff's counsel that day requested that Defendants consent to an emergency adjournment of the hearing because Plaintiff's counsel, Mr. Johnson, was out of town.

(Docket no. 65). Plaintiff Carl B. Smalls is the owner, managing director, and Chief Executive Officer of Wilmoco. (Docket no. 1 at 2). The arbitration award dismissed with prejudice the claims against Carl Smalls.

Defendant UBS served its First Post-Judgment Interrogatories and Document Requests to Plaintiff on Wilmoco Capital Management on August 16, 2006. (Docket no. 65, ex. 1). UBS also served on Counsel Johnson in August 2007 a Notice of Deposition of Wilmoco pursuant to Fed. R. Civ. P. 30(b)(6). (*Id.* ex. 5). In August 2007 UBS also served a Subpoena for Attendance at a Deposition upon Carl Smalls for September 17, 2007. (*Id.*). UBS states, and nothing in the record disputes, that Plaintiffs have failed to respond to any of these discovery requests or notices.

This Court earlier denied without prejudice Defendant UBS's Motion to Compel responses to this same discovery. (Docket no. 64). This denial was in part due to the revelation during the hearing on the motions that Plaintiff Smalls had filed for bankruptcy. The denial without prejudice was ordered to give UBS time to consider the effect of this new information. UBS now renews its Motion to Compel arguing that Smalls' bankruptcy does not prevent it from proceeding to discover assets of Wilmoco.

Rule 69(a), Fed. R. Civ. P., provides for a judgment creditor to "obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." UBS has therefore served Interrogatories and Requests for the Production of Documents upon Wilmoco pursuant to Fed. R. Civ. P. 33 and 34. Because the discovery was served in 2006, the response is overdue. The motion to compel should be granted as long as Smalls' bankruptcy proceeding does not require otherwise.

2

Also, UBS served a Notice of Deposition of Wilmoco under Rule 30(b)(6) and a subpoena for Smalls to appear with documents. Again, the motion to compel this deposition should be granted as long as Smalls' bankruptcy does not require otherwise.

The Court finds that Smalls' personal bankruptcy should not preclude the discovery at issue here. In *Patton v. Bearden*, 8 F.3d 343 (6th Cir. 1993), Patton was suing two individual partners of a partnership. The partnership had declared bankruptcy but not the individual partners. The court rejected the argument of the partners that the automatic stay of claims against the debtor-partnership protected the individual partners. The automatic stay stays actions against the *debtor* and not "separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation." (*Id.* at 349). The court noted that some courts have held that the debtor's stay may be extended to non-bankrupt entities in "unusual circumstances" such as when there is a close relation between the debtor and the non-bankrupt party. However, that question is to be decided by the bankruptcy court. The request for a stay pursuant to the automatic stay provision "can only be presented to the bankruptcy court." (*Id.*).

Also, in *Straney v. General Motors Corp.*, 2006 WL 2911452 (E.D. Mich. Oct. 6, 2006), Judge Friedman denied GM's motion for a stay of the proceeding based upon the bankruptcy automatic stay of Delphi, whom GM contended had the responsibility to pay any benefits to which the plaintiff was entitled. The court found that GM must request the relief it seeks in the bankruptcy court rather than the district court.

The facts of the present case differ somewhat from the cases above because the present motion before the Court is not a motion to stay the proceeding but a motion to compel discovery. However, applying the reasoning of those cases to this case, the conclusion is that if Wilmoco wishes to have the automatic stay of Smalls extended to shield it from this discovery, it must so move in the bankruptcy

3

court. The close relation between Smalls and Wilmoco may convince the bankruptcy court to extend Smalls' stay, but this factor does not affect the proper court in which Wilmoco must make the motion.

**IT IS THEREFORE ORDERED** that Defendant's USB Financial Services' Motion to Compel (docket no. 65) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Wilmoco respond in full to Defendant USB's First Post-Judgment Interrogatories and Document Requests to Plaintiff-Judgment Debtor Wilmoco Capital Management, LLC, on or before December 19, 2007.

**IT IS FURTHER ORDERED** that Plaintiffs Wilmoco and Smalls appear for deposition as re-noticed (or re-subpoenaed) by Defendant UBS.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 07, 2007    s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 07, 2007    s/ Lisa C. Bartlett
                            Courtroom Deputy